## STATE *v.* THE TOWN OF CUMBERLAND.

The liability of a town to repair a highway within its limits may be proved, upon an indictment against it for neglecting to repair, by the assumption by the town of the duty to repair and actually repairing the same from time immemorial; the 24th and 25th sections of chapter 48 of the Revised Statutes not being construed to change the common law in this respect, nor the 16th section of the same chapter, and those immediately following it, to abrogate the liability of a town to repair, fixed before the passage of that portion of the statute.

INDICTMENT against the town of Cumberland, for not keeping in repair a highway within the limits of said town. The indictment was tried at the present term of this court before Mr. Justice *Bosworth* and a jury : and at the trial the defend-

ant requested the judge to instruct the jury, that if the jury found that the portion of the highway charged in the indictment to be out of repair was a highway only by user, and was not over a dividing line between towns or states, and was not found to have been actually laid out, or expressly declared a highway, by the town council of the town of Cumberland, they must return a verdict for the defendant, although the repairing of said highway may, from time immemorial, have been assumed and done by said town. The judge refused so to instruct the jury, but did instruct them, that the town might be liable, if it had assumed to make and had made repairs on the highway from time immemorial.

Under this instruction the jury having returned a verdict of guilty against the defendants, a motion was now made for a new trial, upon the ground that the instruction was erroneous in matter of law.

*Weeden*, for the motion.

*Payne & Colwell*, against it.

BOSWORTH, J. In this case, exception is taken to the charge given by the judge to the jury, on the trial of an indictment against a town for neglecting to repair a highway. The defendant claimed, that the town was not liable for neglect to repair a highway which was such by user, unless the same was proved to have been declared to be a public highway by the town council of the town. The court instructed the jury, that if the proof in the case was such as to satisfy them that the highway had been immemorially used by the public as a highway, and had been immemorially repaired by the town, they might find it a public highway which the town was bound by law to keep in repair. There is no doubt that at common law, such proof is sufficient to establish the existence of the highway and the liability to keep it in repair.

The exception is grounded on the 25th section of chapter 43, of the Revised Statutes. That section is immediately preceded by a section in affirmance of the common law, providing that nothing in the chapter of which it is a part, which is the general highway act, shall be construed to hinder or prevent the public from acquiring by dedication or user, lands, or any in-

42 *

terest in lands, for highways or other public uses, according to the course of the common law; and section 25 provides, that the section preceding shall not be construed to render any town liable for repairing or amending a highway, unless it shall have been declared to be a highway by the town council of the town wherein it lies. The last of these sections refers only to the other: its purpose is to rebut any inference that might arise from establishing a right of highway in the public by user or dedication, with regard to the duty of the town to repair. The obligation on the part of the town to repair is left to be ascertained or proved, independently of the 24th section. Section 25 does not profess to relate to any other part of the statute, or to the common law obligations of the towns. At common law, although there may be a right established by use by the public of lands dedicated to the public use, the liability to repair will not be created unless by some act of acquiescence or adoption. See 2 Greenleaf on Evidence, 552. The statute provides, (§§ 16–21, ch. 43, Rev. Stats.) that lands used for public highways for twenty years may be declared by the towns to be public highways, and taken and used as public highways, as fully and effectually as if regularly laid out and established. This proceeding renders the town liable, and the 25th section acknowledges this liability, leaving all other liability to rest upon law independently of the preceding section, from the terms of which no liability is to be construed to arise. No change is made in the law affecting the liability of the towns to repair and amend the highways, as existing by force of the statutes, or as arising under the common law.

The highway in question was established as a public highway by use; and the town, by immemorial repairs, had recognized and fixed its liability long before this statute was passed. We do not think it was the intent of the statute to change the common law in this respect, or to exempt the towns from liabilities fixed by their acts under the law, prior to its passage. If the doctrine contended for by the defendants' counsel were established as law, many, if not most, of the highways in Cumberland, and in the other towns which came under the jurisdiction of this state in 1746, and which have been used by the public

and kept in repair by the towns for more than a hundred years, would cease to be highways which the towns are under obligation to repair.

*The motion is denied with costs.*